IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MICHAEL PLUMMER, }<br>      *Plaintiffs* }<br>v. }<br> }<br>VICTORIA COUNTY, TEXAS, }<br>M.P. "DEXTER" EAVES, and }<br>TROOPER DONALD PLUNKETT, }<br>      *Defendants* } | CIVIL ACTION NO. H-06-3912 |

**OPINION AND ORDER**

Pending before the court are Defendant M.P. "Dexter" Eaves's ("Eaves") motion for change of venue (Doc. 5), Defendant Trooper Donald Plunkett's ("Plunkett") motion to transfer venue (Doc. 10), and Plunkett's motion to dismiss (Doc. 11). For the following reasons, the court has determined that Plummer's claims must be dismissed pursuant to Heck v. Humphrey, 512 U.S. 477 (1994). Because this dismissal is equally applicable to all Defendants, Eaves and Plunkett's motions to transfer venue are moot.

I. Facts

Plummer was charged with possession of marijuana on June 3, 2004, in County Court at Law No. 1, Victoria County, Texas. (See Complaint in Criminal Action 2-82.310, Doc. 1, Ex. 1.) The events giving rise to the charge follow.[1] On May 7, 2004, Plunkett was working routine patrol on U.S. Hwy. 77 in Victoria County, Texas. Plunkett allegedly observed Plummer speeding and

---

[1] The facts surrounding Plummers arrest are drawn from Judge Rainey's Memorandum and Order (Doc. 37) in Cause Number H-04-4552, Plummer v. Plunkett et al..

pulled him over. Plunkett identified himself as a Texas Highway Patrol officer and, after informing Plummer he would receive a warning for speeding, asked for consent to search Plummer's vehicle. Plummer allegedly consented to the search, which uncovered less than two ounces of marijuana. Plummer was arrested.

On August 25, 2004, the State moved to dismiss the charges against Plummer. The State's motion states simply that "[n]o probable cause [existed] to search vehicle. Therefore, the state no longer wishes to prosecute this case." (Motion to Dismiss cause no. 2-82.310, Doc. 1, Ex. 2.) The State's motion was granted.

After dismissal of the state court criminal action, Plummer filed suit in this court against Trooper Plunkett and the Texas Department of Public Safety. See Plummer v. Plunkett, 04-cv-4552 (S.D. Tex. December 3, 2004). Plummer's complaint states claims for violations of his civil rights arising from Trooper Plunkett's search of his vehicle and his subsequent arrest. The case was assigned to United States District Judge John D. Rainey.

Less than a month after Plummer filed his civil complaint, the State re-filed the charge against him in Victoria for possession of marijuana. (See Complaint in Criminal Action 1-83.637, Doc. 1, Ex. 3.) Plummer moved to suppress the marijuana recovered by Trooper Plunkett and a hearing was held on the motion. In his findings of fact and conclusions of law, the State Court judge presiding over Plummer's case determined that Trooper

Plunkett's search was consensual.  He therefore denied Plummer's motion.  Plummer proceeded to trial and was convicted by a jury of possession of marijuana.

On June 10, 2005, Judge Rainey dismissed Plummer's claims against Plunkett and TDPS.  (See Memorandum and Order granting Defendants' motion for summary judgment, Doc. 37 in cause number 04-cv-4552.)  Judge Rainey specifically found that "any favorable decision for Plummer in this lawsuit would impermissibly implicate the state court criminal conviction." Id.

Plummer filed this case on December 11, 2006.  Plummer claims retaliation, prosecutorial vindictiveness, conspiracy, and violation of the Fifth Amendment's prohibition on double jeopardy.

II.   ANALYSIS

When faced with a motion to dismiss for failure to state a claim, the question is "whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief."  5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (2nd ed. 1990). The complaint must "contain either direct allegations on every material point necessary to sustain a recovery. . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial."  Campbell v. City of San Antonio, 43 F.3d 973, 975 (5th Cir. 1995) (quoting 3 WRIGHT & MILLER FEDERAL PRACTICE & PROCEDURE: CIVIL 2D § 1216 at 156-159).  Where a complaint asserts merely conclusory allegations, these conclusory allegations and

unwarranted deductions of fact are not admitted as true. Guidry v. Bank of LaPlace, 954 F.2d 278, 281 (5th Cir.1992). Also, where a complaint shows on its face that it is barred by an affirmative defense, a court may dismiss the action for failing to state a claim. Kaiser Aluminum & Chem. Sales v. Avondale Shipyards, 677 F.2d 1045, 1050 (5th Cir. 1982).

In considering a Rule 12(b)(6) motion to dismiss a district court may review the pleadings on file, Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000), and matters of public record. Davis v. Bayless, 70 F.3d 367, 372 n.3 (5th Cir. 1995). "Pleadings on file" includes "[d]ocuments that a defendant attaches to a motion to dismiss . . . if they are referred to in the plaintiff's complaint and are central to [his] claim." Collins, 224 F.3d at 498-99.

In Heck, the Supreme Court found that a plaintiff proceeding under Section 1983 must prove that his conviction was overturned or otherwise called into question before recovering damages for allegedly unconstitutional behavior which, if proven, would call into question plaintiff's conviction or sentence. Heck, 512 U.S. 486-87. Heck's bar on collateral attack is squarely implicated in this case because Plummer is claiming that his prosecution violated the Fifth Amendment. Success on his claims would necessarily impugn the state court's judgment of conviction. This is precisely the result that Heck forbids. Accordingly, Plummer's complaint must be dismissed.

## III. Conclusion

For the aforementioned reasons, the court ORDERS that Plunkett's motion to dismiss (Doc. 11) is GRANTED.

**SIGNED** at Houston, Texas, this 14th day of August, 2007.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE